# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ELVIS C. SMITH, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 1:18-cv-00220-RLW |
| JASON LEWIS, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Elvis C. Smith's motion for extension of time in which to file his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, petitioner's motion will be denied without prejudice for the reason that his request for extension is premature.

### Procedural History

In *State of Missouri v. Smith*, No. 1222-CR02065 (22nd Judicial Cir., St. Louis City), petitioner was charged with murder in the first degree, assault in the first degree, two counts of armed criminal action, and unlawful possession of a firearm. On July 19, 2012, following a jury trial, petitioner was convicted of murder in the first degree, assault in the first degree, and both counts of armed criminal action. The circuit court later granted petitioner's motion for judgment of acquittal on the charges of assault in the first degree and one of the counts of armed criminal action. On September 28, 2012, petitioner was sentenced on his convictions for murder in the first degree and the remaining count of armed criminal action. Notice of appeal was filed on October 2, 2012.

On April 29, 2014, the Missouri Court of Appeals affirmed the circuit court and remanded for a correction of judgment *nunc pro tunc* to reflect that petitioner was found guilty following a jury trial, rather than pleading guilty. *State of Missouri v. Smith*, No. ED99044 (Mo. Ct. App. 2014). The State filed an application for transfer to the Missouri Supreme Court on July 9, 2014. The motion was sustained on August 19, 2014.[1]

In an opinion filed March 10, 2015, the Missouri Supreme Court reversed the circuit court's granting of the judgment of acquittal on the charges of assault in the first degree and armed criminal action. *State of Missouri v. Smith*, No. SC94313 (Mo. 2015). The Missouri Supreme Court remanded the case to the circuit court for sentencing on the counts of assault in the first degree and armed criminal action. The mandate was issued by the Supreme Court on March 26, 2015.

Petitioner was sentenced on the counts of assault in the first degree and armed criminal action on May 15, 2015. *State of Missouri v. Smith*, No. 1222-CR02065 (22nd Judicial Cir., St. Louis City). Petitioner's earlier sentences for murder in the first degree and armed criminal action were not at issue during the May 15, 2015 sentencing hearing.

Petitioner filed a premature post-conviction motion pursuant to Rule 29.15 on April 10, 2015. He filed an amended motion under Rule 29.15 on December 3, 2015. *State of Missouri v. Smith*, No. 1522-CC00812 (22nd Judicial Cir., City of St. Louis). The motion was denied on January 4, 2017. Petitioner filed a notice of appeal on February 7, 2017, and the Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on February 13, 2018. *State of Missouri v. Smith*, No. ED105265 (Mo. Ct. App. 2018). The mandate was issued by the Court of Appeals on March 12, 2018.

---

[1] Petitioner filed a motion to vacate, set aside or correct the judgment or sentence on May 12, 2014. *State of Missouri v. Smith*, No. 1422-CC01088 (22nd Judicial Cir., City of St. Louis). This motion was transferred to the Missouri Supreme Court on August 19, 2014, coinciding with the granting of the State's application for transfer.

## Discussion

On November 1, 2018, petitioner filed a motion with this Court seeking an extension of time to file his federal habeas petition pursuant to 28 U.S.C. § 2254. Petitioner alleges that he has been in the restricted housing unit, which has limited his ability to research the issues involved in his case.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final in which to file a petition for writ of habeas corpus. If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). Petitioner's conviction became final on May 25, 2015, ten days after he was resentenced. The one-year limitations period was tolled, however, during the pendency of petitioner's post-conviction proceedings, that is, from April 10, 2015 through March 12, 2018, the date on which the mandate was issued by the Missouri Court of Appeals. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (stating that post-conviction relief proceedings are final upon issuance of the mandate). Accordingly, pursuant to 28 U.S.C. § 2244(d), petitioner has one year from March 12, 2018 in which to file his petition for writ of habeas corpus. That period has not yet passed. Thus, his motion for extension of time to file his petition for writ of habeas corpus will be denied without prejudice as having been prematurely filed.

Nevertheless, the Court will leave this case open for thirty days to allow petitioner to file his writ of habeas corpus in the present action. However, if petitioner fails to file a petition within thirty days, this action will be dismissed without prejudice.

The Court will further direct the Clerk of Court to mail petitioner a copy of the § 2254 form and a copy of the Court's Motion to Proceed in Forma Pauperis – Prisoner Cases form.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for extension of time to file his petition for writ of habeas corpus (Docket No. 1) is **DENIED** without prejudice as having been prematurely filed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a copy of the Court's 28 U.S.C. § 2254 habeas corpus form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a copy of the Court's Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of this order in which to file a petition for writ of habeas corpus. Failure to file a petition will result in the dismissal of this action without prejudice.

Dated this 6th day of November, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

4