UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ELVIS C. SMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 1:18-cv-00220-RLW |
|  | ) |  |
| JASON LEWIS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Elvis C. Smith's "Motion for Correction," in which he requests an extension of time to file his state-court Rule 91 habeas petition. (Docket No. 3). For the reasons discussed below, petitioner's motion is denied.

### Procedural History

In *State of Missouri v. Smith*, No. 1222-CR02065 (22nd Judicial Cir., St. Louis City), petitioner was charged with murder in the first degree, assault in the first degree, two counts of armed criminal action, and unlawful possession of a firearm. On July 19, 2012, following a jury trial, petitioner was convicted of murder in the first degree, assault in the first degree, and both counts of armed criminal action. The circuit court later granted petitioner's motion for judgment of acquittal on the charges of assault in the first degree and one of the counts of armed criminal action. On September 28, 2012, petitioner was sentenced on his convictions for murder in the first degree and the remaining count of armed criminal action. Notice of appeal was filed on October 2, 2012.

On April 29, 2014, the Missouri Court of Appeals affirmed the circuit court and remanded for a correction of judgment *nunc pro tunc* to reflect that petitioner was found guilty

following a jury trial, rather than pleading guilty. *State of Missouri v. Smith*, No. ED99044 (Mo. Ct. App. 2014). The State filed an application for transfer to the Missouri Supreme Court on July 9, 2014. The motion was sustained on August 19, 2014.[1]

In an opinion filed March 10, 2015, the Missouri Supreme Court reversed the circuit court's granting of the judgment of acquittal on the charges of assault in the first degree and armed criminal action. *State of Missouri v. Smith*, No. SC94313 (Mo. 2015). The Missouri Supreme Court remanded the case to the circuit court for sentencing on the counts of assault in the first degree and armed criminal action. The mandate was issued by the Supreme Court on March 26, 2015.

Petitioner was sentenced on the counts of assault in the first degree and armed criminal action on May 15, 2015. *State of Missouri v. Smith*, No. 1222-CR02065 (22nd Judicial Cir., St. Louis City). Petitioner's earlier sentences for murder in the first degree and armed criminal action were not at issue during the May 15, 2015 sentencing hearing.

Petitioner filed a premature post-conviction motion pursuant to Rule 29.15 on April 10, 2015. He filed an amended motion under Rule 29.15 on December 3, 2015. *State of Missouri v. Smith*, No. 1522-CC00812 (22nd Judicial Cir., St. Louis City). The motion was denied on January 4, 2017. Petitioner filed a notice of appeal on February 7, 2017, and the Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on February 13, 2018. *State of Missouri v. Smith*, No. ED105265 (Mo. Ct. App. 2018). The mandate was issued by the Court of Appeals on March 12, 2018.

On August 29, 2018, petitioner filed a motion with this Court seeking an "[e]xtension of time to file" a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. (Docket No. 1 at

---

[1] Petitioner filed a motion to vacate, set aside or correct the judgment or sentence on May 12, 2014. *State of Missouri v. Smith*, No. 1422-CC01088 (22nd Judicial Cir., St. Louis City). This motion was transferred to the Missouri Supreme Court on August 19, 2014, coinciding with the granting of the State's application for transfer.

2

1). He alleged that he had been in the restricted housing unit, limiting his ability to research the issues involved in his case.

The Court denied petitioner's motion on November 6, 2018. (Docket No. 2). The Court noted that the Missouri Court of Appeals had issued its mandate affirming the denial of petitioner's Rule 29.15 motion on March 12, 2018. Thus, pursuant to 28 U.S.C. § 2244(d), petitioner had one year from March 12, 2018 in which to file his petition for writ of habeas corpus under 28 U.S.C. § 2254. As that period had not yet passed, the Court denied his motion to extend his time to file a § 2254 motion as having been prematurely filed.

The Court left the case open for thirty days to allow petitioner to file his writ of habeas corpus in the present action. The Court further directed that petitioner be sent copies of the Court's § 2254 form and the Motion to Proceed in Forma Pauperis form.

On November 26, 2018, petitioner filed a motion with the Court titled "Motion for Correction." (Docket No. 3). In the motion, petitioner stated that he had erred "by filing his motion to the wrong courts for extension of time." He asks the Court to correct his request for extension of time to reflect the fact that he is asking for an extension of time to file a state habeas corpus petition pursuant to Rule 91. Further, he asks the Court to tell him how much time he has in which to file his Rule 91 petition.

**Discussion**

Petitioner seeks an extension of time in which to file his state-court Rule 91 petition for a writ of habeas corpus. In order to seek the benefit of Rule 91, "the petition in the first instance shall be to a circuit or associate circuit judge for the county in which the person is held in custody." Mo. Sup. Ct. R. 91.02(a). If the petitioner is being held pursuant to a capital crime under a sentence of death, the Rule 91 petition may be filed directly with the Missouri Supreme

3

Court. Mo. Sup. Ct. R. 91.02(b). In either event, Rule 91 is a Missouri state court rule, and such a petition must be filed in Missouri state court. Because this Court cannot rule on a Rule 91 petition, it follows that it also cannot grant him an extension of time in which to file it in the first place. Further, the Court declines to give petitioner advice as to how much time he has to file his Rule 91 petition.

To the extent that petitioner is seeking to extend the period of time in which to file an action under 28 U.S.C. § 2254, in order that he might first file a Rule 91 petition in state court, the Court declines this request. The Court notes that a properly filed Rule 91 petition may serve to toll the statute of limitations found in 28 U.S.C. § 2244 for the filing of a § 2254 action. *See Storey v. Roper*, 603 F.3d 507, 513 (8th Cir. 2010). However, the Court will not hold this action open indefinitely while petitioner takes this route, for the reason that, as of now, petitioner has not properly filed a petition for writ of habeas corpus under § 2254.

As before, the Court will give petitioner the opportunity to file a § 2254 petition for writ of habeas corpus in the present action. Petitioner will be granted twenty-one days in which to file his petition on the Court-provided form. For his convenience, the Court will direct the Clerk of Court to once again mail petitioner a copy of the § 2254 form and a copy of the Court's Motion to Proceed in Forma Pauperis – Prisoner Cases form. If petitioner fails to file a petition within twenty-one days, this action will be dismissed without prejudice. Petitioner is cautioned that there is a 1-year period of limitation that begins running from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1). Delay in the filing of his § 2254 petition may result in his petition being time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for correction (Docket No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a copy of the Court's 28 U.S.C. § 2254 habeas corpus form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a copy of the Court's Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that petitioner shall have **twenty-one (21) days** from the date of this order in which to file a petition for writ of habeas corpus. Failure to file a petition will result in the dismissal of this action without prejudice.

Dated this 3rd day of December, 2018.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE