UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ELVIS C. SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:18-CV-220 RLW |
| | ) |
| MICHELE BUCKNER,[1] | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Elvis C. Smith's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  (ECF No. 5.)  For the following reasons, the Court will deny the Petition.

**Procedural History**

Petitioner is currently incarcerated at the South Central Correctional Center in the Missouri Department of Corrections pursuant to a judgment and sentence of the Circuit Court of the City of St. Louis, Missouri.  In State of Missouri v. Smith, No. 1222-CR02065 (22nd Judicial Cir., St. Louis City), Petitioner was charged with first-degree murder, first-degree assault, two counts of armed criminal action, and unlawful possession of a firearm.  On July 19, 2012, following a jury trial, Petitioner was convicted of first-degree murder, first-degree assault, and both counts of armed criminal action.  The trial court granted Petitioner a judgment of acquittal on the firearm charge at the close of all the evidence on the basis that the State presented insufficient evidence to support a conviction.  The trial court later granted Petitioner's motion for judgment of acquittal on the first-

---

[1]Michele Buckner is the Warden of South Central Correctional Center where Petitioner is currently incarcerated.  Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody."  Therefore, Michele Buckner's name will be substituted as the named Respondent in this action pursuant to Rule 25(d), Fed. R. Civ. P.

degree assault conviction and its related armed criminal action conviction on double jeopardy grounds. On September 28, 2012, Petitioner was sentenced on the first-degree murder conviction and its related armed criminal action conviction. Petitioner filed a notice of appeal on October 2, 2012, and the State cross-appealed.

On April 29, 2014, the Missouri Court of Appeals affirmed the trial court and remanded for a correction of judgment *nunc pro tunc* to reflect that Petitioner was found guilty following a jury trial, rather than pleading guilty as the trial court's written judgment erroneously stated.[2] State of Missouri v. Smith, No. ED99044 (Mo. Ct. App. 2014) (Resp. Ex. G, ECF No. 13-7). The State filed an application for transfer to the Missouri Supreme Court on July 9, 2014, which was sustained on August 19, 2014. In an opinion filed March 10, 2015, the Missouri Supreme Court reversed the trial court's judgment of acquittal on the first-degree assault and related armed criminal action convictions. State of Missouri v. Smith, No. SC94313 (Mo. 2015) (en banc) (Resp. Ex. P, ECF No. 13-16). The Missouri Supreme Court remanded the case to the trial court for sentencing on the first-degree assault and related armed criminal action conviction and for correction of the clerical error. The Missouri Supreme Court issued its mandate on March 26, 2015.

Petitioner was sentenced on the first-degree assault and its related armed criminal action conviction on May 15, 2015. State of Missouri v. Smith, No. 1222-CR02065 (22nd Judicial Cir., St. Louis City). Petitioner's earlier-imposed sentences for first-degree murder and the related armed criminal action were not at issue during the May 15, 2015 sentencing hearing.

Petitioner filed a premature post-conviction motion pursuant to Rule 29.15 on April 10, 2015. He filed an untimely amended Rule 29.15 motion through appointed counsel on December

---

[2] The erroneous statement in the trial court's written judgment was the result of a clerical error. (ECF No. 13-7 at 7.)

3, 2015. State of Missouri v. Smith, No. 1522-CC00812 (22nd Judicial Cir., City of St. Louis). The motion court found abandonment by post-conviction counsel and accepted the filing of the amended motion. The amended Rule 29.15 motion was denied on January 4, 2017, after an evidentiary hearing. (Resp. Ex. Q, ECF No. 13-17 (Transcript of PCR Hearing); Resp. Ex. R, ECF No. 13-18 at 43-52 (Findings of Fact, Conclusions of Law, and Order)). Petitioner filed a notice of appeal on February 7, 2017, and the Missouri Court of Appeals affirmed the denial of Petitioner's Rule 29.15 motion on February 13, 2018. State of Missouri v. Smith, No. ED105265 (Mo. Ct. App. 2018) (per curiam) (unpublished memorandum) (Resp. Ex. U, ECF No. 13-21). The Missouri Court of Appeals issued its mandate on March 12, 2018.

On November 1, 2018, Petitioner filed a Motion (ECF No. 1) with this Court seeking an extension of time to file his federal habeas petition pursuant to 28 U.S.C. § 2254.[3]  Because Petitioner had one year from March 12, 2018, to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d), Petitioner's Motion for extension of time was denied without prejudice as prematurely filed. Mem. and Order of Nov. 6, 2018 (ECF No. 2 at 4). The Court left the case open for thirty days to allow Petitioner to file his petition for writ of habeas corpus in the present action. (Id.) On December 6, 2018, Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (ECF No. 5).[4]  Respondent filed a Response in opposition with supporting exhibits on February 25, 2019. (ECF No. 13.) On August 20, 2020, Petitioner filed a Reply in support of his Petition (ECF No. 22) and a Motion for Evidentiary Hearing. (ECF No. 21.)

## Grounds Raised

Petitioner raises eight grounds for relief in the Petition:

---

[3]Petitioner's Motion was docketed as a Petition for Writ of Habeas Corpus. (ECF No. 1.)

[4]The Petition was docketed as an Amended Petition for Writ of Habeas Corpus. (ECF No. 5.)

(1) Trial counsel was ineffective for failing to call witnesses Wilber Hardwrict[5] and Rhonda Hawkins;

(2) The trial court erred in allowing Petitioner to be charged with and found guilty of first-degree murder when the victim was not the target and was not involved, and there was no evidence to support cool reflection and premeditated murder;

(3) The trial court erred in failing to sustain Petitioner's objection to the prosecutor's "improper argument to first degree murder while act[ing] out of sudden passion";

(4) The trial court erred in allowing the State to introduce into evidence the videotaped hearsay statement of Wilber Hardwrict;

(5) The trial court erred in allowing the State to present first-degree murder "argument to [the] jury when the accidental murder occurred and objection was apply";

(6) Trial counsel was ineffective for failing to call the coroner who performed an autopsy on the victim Jnylah Douglas, to show she was not shot at close range and the shooting was accidental, in violation of Petitioner's due process and Sixth Amendment rights to effective assistance of counsel;[6]

(7) The trial court erred in not allowing the jury to hear the proper jury instruction on involuntary manslaughter, which denied Petitioner his Fourteenth Amendment right to a fair and impartial jury; and

(8) Counsel was ineffective for not raising the claim that victim Jnylah Douglas was not the intended target and was not with the intended target, who had provoked Petitioner, so counsel failed to establish that Petitioner's intent as to the target cannot be transferred to Jnylah Douglas, and failed to present evidence to the jury or court to show intent.

Because the Court determines that Petitioner's claims do not warrant habeas relief on their face, it will deny the Petition without an evidentiary hearing.[7]

---

[5]This witness's name is spelled several different ways in the record. The Court will use the spelling as it appears in the Missouri Supreme Court's opinion, although this is different than the spelling used in the Petition.

[6]Petitioner framed Ground Six as trial court error for failing to find trial counsel ineffective for this reason, but the Attorney General's Office addressed it as a claim of ineffective assistance of trial counsel and the Court liberally construes it as such.

[7]A district court may dismiss a habeas petitioner's motion without an evidentiary hearing if "(1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions

## Factual Background

The Missouri Supreme Court described the facts of Petitioner's criminal case, viewed in

the light most favorable to the verdict, as follows:

> On May 21, 2011, Smith sold Martez Williams a small amount of heroin,
> but Williams refused to pay him. The same day, Smith told Jesse White that he
> "was going to get [Williams]." The next day, Smith and Wilber Hardwrict, Smith's
> drug supplier, encountered Williams, a man named Josh, and David Thomas in the
> Peabody housing project. Smith asked Williams if he had the money he owed for
> the heroin, and Williams responded, "What do you want to do, fight?" Smith pulled
> out a gun, and Williams grabbed Josh to use as a shield. Williams pushed Josh at
> Smith and ran in a zigzag pattern until he stopped to hide between two dumpsters.
> While Williams ran, Smith fired his gun three or four times. One of the shots Smith
> fired struck Jnylah Douglas in the head while she was playing on a nearby
> playground. Douglas died a few weeks later from the gunshot wound.

(Resp. Ex. P, ECF No. 13-16 at 1-2) (footnote omitted).

## Legal Standard

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), federal courts

review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681

(8th Cir. 1999). Federal habeas relief is available to a state prisoner "only on the ground that he is

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a). See also Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990).

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must

have first raised the federal constitutional dimensions of the claim in State court in accordance

with State procedural rules. Duncan v. Henry, 513 U.S. 364 (1995) (per curiam); Beaulieu v.

Minnesota, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted). In Missouri, "a claim must

be presented 'at each step of the judicial process' in order to avoid procedural default." Jolly v.

Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct.

---

rather than statements of fact." Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006) (internal
quotation marks omitted) (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)).

App. 1980)). If the petitioner failed to properly present the claim in State court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Martinez v. Ryan, 566 U.S. 1, 10-11 (2012).

Where the State court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). See Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time the petitioner's State conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A State court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Merely erroneous or incorrect application of clearly established federal law does not suffice to support a grant of habeas relief. Instead, the State

court's application of the law must be objectively unreasonable. Id. at 409-11; Jackson v. Norris, 651 F.3d 923, 925 (8th Cir. 2011).

Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, State court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Rice v. Collins, 546 U.S. 333, 338-39 (2006); Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007). Erroneous findings of fact do not automatically require the grant of habeas relief, however. Instead, the determination of these facts must be unreasonable in light of the evidence of record. Collier, 485 F.3d at 423; Weaver v. Bowersox, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying State court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Metrish v. Lancaster, 569 U.S. 351, 358 (2013) (quoting Harrington v. Richter, 562 U.S. 86, 102-03 (2011)). This standard is demanding and "difficult to meet." Id.

## Procedurally Defaulted Claims

### A. Ground One

In Ground One of the Petition, Petitioner claims trial counsel was ineffective for failing to call witnesses Wilber Hardwrict and Rhonda Hawkins. Petitioner did not raise the claim regarding witness Hardwrict in his amended Rule 29.15 motion. As a result, it is procedurally defaulted. See Jolly, 28 F.3d at 53. Although Petitioner raised the claim regarding witness Hawkins in his amended Rule 29.15 motion (Resp. Ex. R, ECF No. 13-18 at 26, 30-31), he abandoned the claim

7

on post-conviction appeal (Resp. Ex. S., ECF No. 13-19). It is therefore procedurally defaulted. See Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005). A claim must be presented at each step of the judicial process in State court to avoid procedural default. Jolly, 28 F.3d at 53.

With respect to the claim concerning witness Hawkins, Petitioner cannot overcome the default under Martinez v. Ryan, 566 U.S. 1, 9 (2012), because the default occurred when post-conviction appellate counsel did not advance the claim on appeal. See Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012) (holding Martinez exception does not apply where ineffective assistance of trial counsel claims are raised in an initial post-conviction review proceeding but then are not appealed).

The Court may review the merits of this claim only if Petitioner shows cause for the default and actual prejudice resulting from the alleged constitutional violation, or if Petitioner shows that a fundamental miscarriage of justice would occur if the Court were not to address the claim. Coleman, 501 U.S. at 750. Petitioner makes the conclusory allegation that his procedural default is due to the ineffective assistance of counsel. Ineffective assistance of counsel can, in some instances, constitute cause for excusing a procedural default, but at the very least it must be ineffectiveness that rises to the level of a Sixth Amendment violation. See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). Even then, there must be an accompanying ineffective assistance of counsel claim for failure to raise the procedurally defaulted claim. See id. at 452 ("[A] claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (citing Murray v. Carrier, 477 U.S. 478, 489 (1986)) (internal citations omitted). Here, there was no accompanying ineffective assistance of counsel claim for failure to present the procedurally defaulted claim.

In addition, under Strickland, there must be an assessment of counsel's performance and prejudice in order to determine whether a Sixth Amendment violation has occurred. When there

8

are no specifics, as here, where Petitioner makes only a bare statement that ineffective assistance of counsel is the cause of his procedural default, this Court cannot engage in the analysis of counsel's deficiency or any resulting prejudice in order to establish the Sixth Amendment violation that is necessary for ineffectiveness to count as cause under Edwards v. Carpenter. As a result, Petitioner fails to demonstrate cause for his procedural default.

If a prisoner fails to demonstrate cause, the court need not address prejudice. Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007). Nor has Petitioner shown that a fundamental miscarriage of justice would occur if the Court does not review the merits of the claim. Petitioner has presented no new evidence of actual innocence; nor has he shown that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006); Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997).

Moreover, even if the claim were not procedurally barred, it is entirely conclusory. Petitioner offered no explanation of the factual basis supporting his claim. Such general and conclusory allegations are insufficient to support a claim for ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985).

Consequently, the claim raised in Ground One is procedurally barred from habeas review and will be denied.

B. Grounds Two, Three, Four, Five, and Seven

In Grounds Two, Three, Four, Five, and Seven of the Petition, Petitioner asserts claims of trial court error. The claims are:

(2) The trial court erred in allowing Petitioner to be charged with and found guilty of first-degree murder when the victim was not the target and was not involved, and there was no evidence to support cool reflection and premeditated murder;

(3) The trial court erred in failing to sustain Petitioner's objection to the prosecutor's "improper argument to first degree murder while act[ing] out of sudden passion";

(4) The trial court erred in allowing the State to introduce into evidence the videotaped hearsay statement of Wilber Hardwrict;

(5) The trial court erred in allowing the State to present first-degree murder "argument to [the] jury when the accidental murder occurred and objection was apply"; and

(7) The trial court erred in not allowing the jury to hear the proper jury instruction on involuntary manslaughter, which denied Petitioner his Fourteenth Amendment right to a fair and impartial jury.

Petitioner raised at least some of these claims of trial court error in his alternative motion for new trial (Resp. Ex. B, ECF No. 13-2 at 38-40, 43), but then abandoned them, as none of the claims were raised on direct appeal of his conviction. (Resp. Ex. C, ECF No. 13-3 at 17, 19; Resp. Ex. L, ECF No. 13-12 at 17, 19.) Claims must be presented at each step of the judicial process in State court to avoid procedural default. Jolly, 28 F.3d at 53. In Missouri, claims of trial court error, including constitutional claims of trial court error, must be raised on direct appeal. See, e.g., Middleton v. State, 103 S.W.3d 726, 740 (Mo. 2003) (en banc); Griffin v. State, 794 S.W.2d 659, 661 (Mo. 1990) (en banc). Because Petitioner failed to present these claims to the Missouri state courts in accordance with the State's procedural rules, Grounds Two, Three, Four, Five, and Seven are procedurally defaulted and cannot be considered by this Court. See Skillicorn v. Luebbers, 475 F.3d 965, 976 (8th Cir. 2007).

The Court may review the merits of these claims only if Petitioner shows cause for the default and actual prejudice resulting from the alleged constitutional violation, or if Petitioner shows that a fundamental miscarriage of justice would occur if the Court were not to address the claim. Coleman, 501 U.S. at 750. Petitioner makes the conclusory allegation that his procedural defaults are due to the ineffective assistance of counsel. Ineffective assistance of counsel can, in some instances, constitute cause for excusing a procedural default, but at the very least it must be ineffectiveness that rises to the level of a Sixth Amendment violation. See Edwards, 529 U.S. at 451-52. Even then, there must be an accompanying ineffective assistance of counsel claim for

10

failure to raise the procedurally defaulted claim. See id. at 452. Here, there were no accompanying ineffective assistance of counsel claims for failure to present the procedurally defaulted claims.

In addition, under Strickland, there must be an assessment of counsel's performance and prejudice in order to determine whether a Sixth Amendment violation has occurred. Because Petitioner makes only a bare statement that ineffective assistance of counsel is the cause of his procedural default, the Court cannot engage in the analysis of counsel's deficiency or any resulting prejudice in order to establish the Sixth Amendment violation that is necessary for ineffectiveness to count as cause under Edwards v. Carpenter. As a result, Petitioner fails to demonstrate cause for his procedural defaults. Because Petitioner fails to demonstrate cause, the Court need not address prejudice. Cagle, 474 F.3d at 1099. Nor has Petitioner shown that a fundamental miscarriage of justice would occur if the Court does not review the merits of the claims. Petitioner has presented no new evidence of actual innocence; nor has he shown that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Abdi, 450 F.3d at 338; Weeks, 119 F.3d at 1352-53.

Consequently, the claims in Grounds Two, Three, Four, Five, and Seven are procedurally barred from habeas review and will be denied.

C. Ground Six

Ground Six of the Petition, liberally construed, is a claim that trial counsel was ineffective for failing to call the coroner who performed an autopsy on the victim Jnylah Douglas to show she was not shot at close range and that the shooting was accidental. Petitioner did not raise the claim in his amended Rule 29.15 motion. As a result, it is procedurally defaulted. See Osborne, 411 F.3d at 919. As with his other defaulted claims, Petitioner makes the conclusory allegation that his procedural default is due to the ineffective assistance of counsel. For the same reasons discussed above, Petitioner fails to demonstrate cause for his procedural default of this claim and,

11

as a result, the Court need not address prejudice. Cagle, 474 F.3d at 1099. Nor has Petitioner

shown new evidence of actual innocence or that a fundamental miscarriage of justice would occur

if the Court does not review the merits of the claim. Abdi, 450 F.3d at 338; Weeks, 119 F.3d at

1352-53.

Consequently, the claim in Ground Six is procedurally barred from habeas review and will

be denied.

### Claim Addressed on the Merits

The record shows Petitioner properly raised the following claim in State court and that the

Missouri Court of Appeals denied relief on review of the merits. The Court turns to the merits of

the claim, exercising limited and deferential review of the underlying State court decisions as

required by the AEDPA.

D. Ground Eight – Ineffective Assistance of Appellate Counsel

In Ground Eight, Petitioner claims that appellate counsel was ineffective for not raising the

claim that the child shooting victim was not the intended target. Petitioner raised this claim in his

Rule 29.15 postconviction motion and in the subsequent appeal (Resp. Ex. R, ECF No. 13-18 at

30-31, and Ex. S, ECF No. 13-19). The Missouri Court of Appeals held that appellate counsel was

not ineffective for failing to raise this sufficiency of the evidence claim, based on her testimony

that she chose to raise other claims instead as she did not believe this claim would succeed in light

of the evidence and relevant case law (Resp. Ex. U, ECF No. 13-21). The Missouri Court of

Appeals reasoned:

> At the evidentiary hearing, [Smith's] appellate counsel, Gwenda Robinson
> (Robinson), testified that on appeal she challenged the trial court's refusal to give
> a self-defense instruction, sought the correction of a clerical mistake in the written
> judgment, and defended against the State's appeal on the double jeopardy issue.
> Robinson testified she considered the sufficiency of the evidence argument but
> decided not to raise the issue on appeal because she did not believe it would be
> successful in light of the evidence and the relevant case law.

12

"Appellate counsel is not ineffective for failing to raise every non-frivolous claim on appeal but may use his professional judgment to focus on the most important issues." Barnes v. State, 334 S.W.3d 717, 723 (Mo. App. E.D. 2011). Here, appellate counsel used her professional judgment and decided not to raise the issue because she did not believe it had merit. Robinson acted as a reasonably competent attorney would under the circumstances.

In addition, [Smith] has failed to demonstrate the result of the proceedings would have been different if appellate counsel had raised the issue of appeal. Appellate review of a challenge to the sufficiency of the evidence is limited to a determination of whether there is sufficient evidence from which a reasonable juror could have found the defendant guilty beyond a reasonable doubt. State v. Jordan, 181 S.W.3d 588, 592 (Mo. App. E.D. 2005). The evidence, and the reasonable inferences therefrom, are viewed in the light most favorable to the verdict and all contrary evidence and inferences are disregarded. Id. It is the jury's duty to assess the reliability, credibility, and weight of the witness's testimony. State v. Giles, 949 S.W.2d 163, 166 (Mo. App. W.D. 1997).

A person commits first-degree murder when he "knowingly causes the death of another person after deliberation upon the matter." Section 565.020.1. Deliberation is defined as "cool reflection for any length of time no matter how brief[.]" Section 565.002(3). Deliberation occurs when the actor has time to think and intends to kill the victim for any period of time, no matter how short. State v. Hudson, 154 S.W.3d 426, 429 (Mo. App. S.D. 2005). Deliberation may be inferred from the circumstances surrounding the crime. Id.

The State relied upon a theory of transferred intent to support the conviction. If, after deliberation, a defendant intends to kill one person but instead kills a different person, the doctrine of transferred intent provides the defendant is guilty of first-degree murder notwithstanding the mistake. State v. Nathan, 404 S.W.3d 253, 267 (Mo. 2013).

The State charged [Smith] with first-degree murder as follows:

As to Court I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about May 22, 2011, . . . [Smith] caused the death of [Victim] by shooting at [Williams] and hitting [Victim], and

Second, [Smith] was aware that his conduct was practically certain to cause the death of [Williams] or that it was [Smith's] purpose to cause the death of [Williams], and

Third, [Smith] did so after deliberation, which means cool reflection upon the matter for any length of time no matter how brief,

then you will find [Smith] guilty under Count I of murder in the first degree.

13

At trial, [Smith's] defense was that he fired the weapon in order to scare Williams and never intended to harm or kill Williams, and elicited evidence that [Smith] fired the shots away from Williams either into the ground or into the air. The State, however, presented witness testimony that [Smith] aimed the gun at Williams while shooting and that [Smith] indicated during his post-arrest interview with police that he "target[ed]" Williams. The State also presented evidence [Smith] threatened to "get" Williams the day before the shooting. [Smith's] verbal threats and his shooting at Williams while Williams fled was sufficient evidence of deliberation. The State provided sufficient evidence from which a reasonable trier of fact could find [Smith] guilty beyond a reasonable doubt of first-degree murder.

[Smith] has failed to demonstrate his appellate counsel was ineffective for failing to challenge the sufficiency of evidence supporting his conviction for first-degree murder. The motion court did not err in denying [Smith's] post-conviction motion. [Smith's] Point I is denied.

(Resp. Ex. U, ECF No. 13-21 at 6-8.)

Respondent argues the Missouri Court of Appeals' decision denying this claim on the merits is reasonable and entitled to deference. Petitioner offers no argument or citation to case law to support his conclusory claim of ineffective assistance of counsel.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court set forth the standard governing ineffective assistance of counsel claims in Strickland. To establish ineffective assistance, a petitioner must show (1) his counsel's performance was deficient, or that it "fell below an objective standard of reasonableness," and also that (2) "the deficient performance prejudiced the defense." Id. at 687-88. Strickland provides a "highly deferential" standard to review ineffective assistance of counsel claims by having courts "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington, 562 U.S. at 104 (quoting Strickland, 466 U.S. at 689).

On federal habeas review, this Court does not determine whether Petitioner's appellate counsel provided effective assistance, but instead examines "whether the state court's application of the Strickland standard was unreasonable." See Harrington, 562 U.S. at 101; see also Strickland,

14

466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). The standard on federal habeas review "is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101. Instead, the Court must determine "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 105. "Counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Gray v. Norman, 739 F.3d 1113, 1117 (8th Cir. 2014) (quoting Strickland, 466 U.S. at 690). "Where a state court concludes that there was no ineffective assistance under this 'highly deferential' standard, a federal court then must review counsel's performance under the 'deferential lens of § 2254(d).'" Id. (quoting Cullen v. Pinholster, 563 U.S. 170, 190 (2011)).

On post-conviction appeal, the Missouri Court of Appeals applied the Strickland standard and found that appellate counsel "used her professional judgment and decided not to raise the issue because she did not believe it had merit." (ECF No. 13-21 at 6-7.) The court concluded that appellate counsel "acted as a reasonably competent attorney would under the circumstances." (Id. at 7.) "When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims." Link v. Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006). "This is because one of appellate counsel's functions is to winnow the available arguments and exercise judgment about which are most likely to succeed on appeal." Gray, 739 F.3d at 1118. "Generally, only when ignored issues are clearly stronger than those presented, will the

presumption of effective assistance of counsel be overcome." Smith v. Robbins, 528 U.S. 259, 288 (2000).

Here, Petitioner does not support his challenge to appellate counsel's performance by comparing the claims raised on appeal with the claim he now says should have been raised, so the Court has no basis to find that "counsel's winnowing process was performed incompetently." Gray, 739 F.3d at 1118. In addition, the Missouri Court of Appeals' conclusion was based in part on its finding that the evidence was sufficient to support Petitioner's first-degree murder conviction. A state appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court. Jackson v. Virginia, 443 U.S. 307, 323 (1979).

The Court determines that the Missouri Court of Appeals' application of the Strickland standard to this claim of ineffective assistance of appellate counsel was not unreasonable for the reasons stated by it. See Owens, 198 F.3d at 681; Harrington, 562 U.S. at 101. Consequently, the Court will deny this ground for habeas relief.

### New Claims Raised in Reply

Petitioner filed a Reply (ECF No. 22) on August 20, 2020. In the Reply, Petitioner restates the eight claims from the Petition, describes the procedural background of the case and the evidence at trial, and asserts four new grounds for habeas relief:

(1) Ineffective assistance of trial counsel as "counsel defended [Petitioner] under a theory of self-defense which was not supported by the record of facts of the case," (id. at 2, 10).

(2) The trial court erred in refusing Petitioner's self-defense instruction "A" because Petitioner's "assertion that the shooting death of [victim] was accidental, and not intentional, did not preclude the submission of a self-defense instruction on Count I of murder in the first degree under the theory of transferred intent." (Id.)

(3) Ineffective assistance of trial counsel "when counsel failed to establish through cross examination of Penny Griffin and Juan House at trial that their previous version of events supported [Petitioner's] defense that he was shooting randomly and not deliberately." (Id. at 2, 10-11); and

16

(4) Ineffective assistance of trial counsel "when counsel failed to request a voluntary manslaughter instruction be given to the jury, although sudden passion was supported by the evidence." (Id. at 2, 11.)

"In habeas actions, a petitioner's reply to the government's answer was traditionally known as a traverse. See 39A C.J.S. Habeas Corpus § 190." United States v. Stoltz, 325 F.Supp.2d 982, 985 (D. Minn. 2004). "The purpose of a traverse is to challenge factual assertions in the government's 'return' or answer to the petition. See 71 C.J.S. Pleading § 184 ('A traverse is a denial of facts alleged in an adverse pleading; the common traverse denies, by express contradiction, the terms of the allegation traversed')." Id. at 985-86. The purpose of a reply is not to raise new claims. This Court and other district courts in the Eighth Circuit have repeatedly held that claims raised for the first time in a § 2254 habeas reply brief will not be considered. See, e.g., Clark v. Blair, 2021 WL 22580, at *4 (E.D. Mo. Jan. 4, 2021); Verive v. Redington, 2019 WL 3416741, at *9 (E.D. Mo. Feb. 15, 2019), report and recommendation adopted sub nom. Verive v. Reddington, 2019 WL 3412599 (E.D. Mo. July 29, 2019); Beedle v. Cassady, 2018 WL 1054825, at *4 (E.D. Mo. Jan. 18, 2018), report and recommendation adopted, 2018 WL 1046887 (E.D. Mo. Feb. 26, 2018); Castillo-Alvarez v. Smith, 2015 WL 6445479, at *22–23 (D. Minn. Oct. 23, 2015). Ruth v. Missouri, 2012 WL 2194152, at *9 (W.D. Mo. June 14, 2012); Scott v. Fondren, 2009 WL 3855926, at *3 (D. Minn. Nov. 17, 2009). See also Liscomb v. Boyce, 954 F.3d 1151, 1154 (8th Cir. 2020) (stating as a general proposition, "[c]laims not raised in an opening brief are deemed waived.") (quoting Jenkens v. Winter, 540 F.3d 742, 751 (8th Cir. 2008)). The Court therefore will summarily dismiss the four new grounds raised in Petitioner's Reply.

Even if the Court were to consider Petitioner's Reply as a motion for leave to amend his Petition, each of the four new grounds asserted therein are time barred. Any amendments to a timely filed habeas petition are required to be filed within the AEDPA's one-year limitations period. See United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999); McKay v. Purkett,

17

255 F.3d 660 (8th Cir. 2001) (per curiam) (applying Craycraft analysis to proposed amendments to habeas petition filed under § 2254).   Proposed amendments submitted beyond this one-year period may be considered and determined by the Court only if the amendments "relate back" to the claims raised in the timely filed original petition.   Petitioner's new grounds in the Reply were filed well beyond the one-year limit.

Amended claims relate back to the original claims when both sets of claims arise out of the "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).   For amended claims in a habeas case to relate back, they must be supported by facts of the same "time and type" as those in the original pleading.   Mayle v. Felix, 545 U.S. 644, 650 (2005) (applying prior Rule 15(c)(2), predecessor of Rule 15(c)(1)(B), to a 28 U.S.C. § 2254 petition).   "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."   Id. at 664.   Claims do not relate back, however, "simply because they relate to the same trial, conviction, or sentence as a timely filed claim."   Id. at 662.   An amended motion may raise new legal theories only if the new claims relate back to the original motion by "aris[ing] out of the same set of facts as [the] original claims."   McKay, 255 F.3d at 661.   It is not enough that both an original habeas petition and an amended petition allege ineffective assistance of counsel during a trial, for example, where the claims are based on distinct types of attorney error.   Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010).   Here, none of the four new grounds in Petitioner's Reply arise out of the same conduct, transaction, or occurrence as the grounds in the Petition.   As a result, the new grounds do not relate back to the original Petition and are time barred.

Finally, even if the new grounds in the Reply were not time barred, each is procedurally defaulted.   The new claim of trial court error was not raised on direct appeal and is therefore procedurally defaulted.   See Middleton, 103 S.W.3d at 740.   The new claims of ineffective

assistance of trial counsel were not included in Petitioner's post-conviction appeal and are therefore procedurally defaulted. See Osborne, 411 F.3d at 919. Claims must be presented at each step of the judicial process in State court to avoid procedural default. Jolly, 28 F.3d at 53. Further, Petitioner does not assert, much less show, cause and prejudice for such failure, or show new evidence of actual innocence to overcome his procedural default. Consequently, the Court may not reach the merits of these claims. Coleman, 501 U.S. at 750.

## Conclusion

For the foregoing reasons, the Court concludes that Petitioner Elvis C. Smith's Petition for Writ of Habeas Corpus must be denied in all respects. Petitioner's Motion for Evidentiary Hearing will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Elvis C. Smith's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall substitute Michele Buckner as the Respondent in this action.

**IT IS FURTHER ORDERED** that Petitioner Smith has not made a substantial showing of a denial of a constitutional right or that it is debatable whether the Court's procedural rulings are correct, and this Court will not issue a Certificate of Appealability.

A separate Judgment in accordance with this Memorandum and Order will be filed herewith.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this _9th_ day of March, 2021.